BETANCOURT, VAN HEMMEN, GRECO & KENYON LLC
Attorneys for Defendant WEEKS MARINE, INC.
46 Trinity Place
New York, NY 10006
(212) 297-0050
Ronald Betancourt (RB-5838)
Todd P. Kenyon (TK-7654)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| IN RE WORLD TRADE CENTER DISASTER SITE LITIGATION | : 21 MC 100 (AKH) |

- - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| CLARENCE LEE, | Case No.: 07-cv-10882 (AKH) |
| : | |
| Plaintiff, | **WEEKS MARINE, INC.'S** |
| : | **NOTICE OF ADOPTION** |
| v. | **OF MASTER ANSWER** |
| : | **(CONTRACTOR DEFENDANTS)** |
| A RUSSO WRECKING, ET. AL., | **WITH AMENDMENTS** |
| : | **AND ANSWER TO SHORT** |
| SEE ATTACHED RIDER, | **FORM COMPLAINT** |
| Defendants. | |
| : | |

- - - - - - - - - - - - - - - - - - - - - x

**PLEASE TAKE NOTICE** that Defendant Weeks Marine, Inc. ("Weeks Marine"), by its

attorneys, Betancourt, Van Hemmen, Greco & Kenyon LLC, as and for its Answer to the allegations

set forth in AMENDED MASTER COMPLAINT AGAINST CONTRACTOR DEFENDANTS ("Complaint") and

as for its Answer to the allegations set forth in the CHECK-OFF ("SHORT FORM") COMPLAINT

RELATED TO THE MASTER COMPLAINT ("Short Form Complaint"), hereby (1) adopts, as if set forth

herein, the MASTER ANSWER TO THE AMENDED MASTER COMPLAINT AGAINST CONTRACTOR

DEFENDANTS dated January 15, 2008 ("Master Answer") with the following amendments set forth

below and (2) answers the Short Form Complaint:

## AMENDMENTS TO MASTER ANSWER

The following Paragraphs* of the Master Answer are hereby amended for this action as follows:

1151.   The document identified or referenced in Paragraph 1151 speaks for itself, and therefore no additional response is required.  Without waiving this objection, Weeks Marine denies the allegations contained in Paragraph 1151 of the Complaint as they relate to Weeks Marine, except affirmatively asserts that Weeks Marine assisted in the debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City of New York and other authorities. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1151 of the Complaint as they relate to all other Contractor defendants.

1152.   The documents identified or referenced in Paragraph 1152 speak for themselves, and therefore no additional response is required.  Without waiving this objection, Weeks Marine denies the allegations contained in Paragraph 1152 of the Complaint as they relate to Weeks Marine, except affirmatively asserts that Weeks Marine responded to the disaster at the City of New York's request for emergency assistance on or after September 11, 2001 under the control and direction of the City of New York and other authorities at the WTC Site.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1152 of the Complaint as they relate to all other Contractor defendants.

---

*  The numbers of the Paragraphs set forth herein correspond to the Paragraph numbers in the Master Answer.

1153.   The documents identified or referenced in Paragraph 1153 speak for themselves, and therefore no additional response is required. Without waiving this objection, Weeks Marine denies the allegations contained in Paragraph 1153 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1153 of the Complaint as they relate to all other Contractor defendants.

1154.   Weeks Marine denies the allegations contained in Paragraph 1154 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1154 of the Complaint as they relate to all other Contractor defendants.

1155.   Weeks Marine denies the allegations contained in Paragraph 1155 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1155 of the Complaint as they relate to all other Contractor defendants.

1156.   Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1156 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1156 of the Complaint as they relate to all other Contractor defendants.

1157.   The documents identified or referenced in Paragraph 1157 speak for themselves, and therefore no additional response is required. Without waiving this objection, Weeks Marine denies the allegations contained in Paragraph 1157 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 1157 of the Complaint as they relate to all other Contractor defendants, including the entities described as the "Four Prime General Contractors."

1158.   Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1158 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1158 of the Complaint as they relate to all other Contractor defendants.

1159.   The documents identified or referenced in Paragraph 1159 speak for themselves, and therefore no additional response is required. Without waiving this objection, Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1159 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1159 of the Complaint as they relate to all other Contractor defendants.

1160.   The documents identified or referenced in Paragraph 1160 speak for themselves, and therefore no additional response is required.  Without waiving this objection, Weeks Marine denies the allegations contained in Paragraph 1160 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1160 of the Complaint as they relate to all other Contractor defendants.

1161.   The documents identified or referenced in Paragraph 1161 speak for themselves, and therefore no additional response is required.  Furthermore, Paragraph 1161 of the Complaint

asserts a legal conclusion to which no response is required.  To the extent that it does not assert a legal conclusion, which is denied, and without waiving the foregoing objection, Weeks Marine denies the allegations contained in Paragraph 1161 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1161 of the Complaint as they relate to all other Contractor defendants.

1162.    The documents identified or referenced in Paragraph 1162 speak for themselves, and therefore no additional response is required.  Furthermore, Paragraph 1162 of the Complaint asserts a legal conclusion to which no response is required.  To the extent that it does not assert a legal conclusion, which is denied, and without waiving the foregoing objection, Weeks Marine denies the allegations contained in Paragraph 1162 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1162 of the Complaint as they relate to all other Contractor defendants.

1163.    The documents identified or referenced in Paragraph 1163 speak for themselves, and therefore no additional response is required.  Furthermore, Paragraph 1163 of the Complaint asserts a legal conclusion to which no response is required.  To the extent that it does not assert a legal conclusion, which is denied, and without waiving the foregoing objection, Weeks Marine denies the allegations contained in Paragraph 1163 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1163 of the Complaint as they relate to all other Contractor defendants.

1164.  Paragraph 1164 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, Weeks Marine denies the allegations contained in Paragraph 1164 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1164 of the Complaint as they relate to all other Contractor defendants.

1165.  The document identified or referenced in Paragraph 1165 speaks for itself, and therefore no additional response is required.  Without waiving this objection, Weeks Marine denies the allegations contained in Paragraph 1165 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1165 of the Complaint as they relate to all other Contractor defendants.

1166.  The document identified or referenced in the third sentence of Paragraph 1166 speaks for itself, and therefore no additional response is required.  The statement referenced in Paragraph 1166 of the Complaint is unsupported by Plaintiffs' first two citations.  Without waiving these objections, Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1166 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1166 of the Complaint as they relate to all other Contractor defendants.

1167.  The documents identified or referenced in Paragraph 1167 speak for themselves, and therefore no additional response is required.  The statement referenced in Paragraph 1167 of the Complaint is unsupported by Plaintiff's citations.  Without waiving these objections,

Weeks Marine denies the allegations contained in Paragraph 1167 of the Complaint as they relate to Weeks Marine, except for the third sentence, where the document identified or referenced speaks for itself, and therefore no additional response is required. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1167 of the Complaint as they relate to all other Contractor defendants.

1168. Paragraph 1168 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, Weeks Marine denies the allegations contained in Paragraph 1168 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1168 of the Complaint as they relate to all other Contractor defendants.

1169. The documents identified or referenced in Paragraph 1169 speak for themselves, and therefore no additional response is required. Furthermore, Paragraph 1169 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, and without waiving the foregoing objection, Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1169 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1169 of the Complaint as they relate to all other Contractor defendants.

1170. The documents identified or referenced in Paragraph 1170 speak for themselves, and therefore no additional response is required. The statement referenced in Paragraph 1170

of the Complaint is unsupported by Plaintiffs' citations. Furthermore, Paragraph 1170 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, and without waiving the foregoing objections, Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1170 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1170 of the Complaint as they relate to all other Contractor defendants, including the entities described as the "Four Prime General Contractors."

1171.    The document identified or referenced in Paragraph 1171 speaks for itself, and therefore no additional response is required. The statement referenced in Paragraph 1171 of the Complaint is unsupported by Plaintiffs' citations with respect to Weeks Marine. Furthermore, Paragraph 1171 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, and without waiving the foregoing objections, Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1171 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1171 of the Complaint as they relate to all other Contractor defendants, including the entities described as the "Four Prime General Contractors."

1172.    The document identified or referenced in Paragraph 1172 speaks for itself, and therefore no additional response is required. The statement referenced in Paragraph 1172 of the Complaint is unsupported by Plaintiffs' citations with respect to the Weeks Marine.

Furthermore, Paragraph 1172 of the Complaint asserts a legal conclusion to which no response is required.  To the extent that it does not assert a legal conclusion, which is denied, and without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 1172 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1172 of the Complaint as they relate to all other Contractor defendants, including the entities described as the "Four Prime General Contractors."

1173.    The document identified or referenced in Paragraph 1173 speaks for itself, and therefore no additional response is required.  The statement referenced in Paragraph 1173 of the Complaint is unsupported by Plaintiffs' citations.  Furthermore, Paragraph 1173 of the Complaint asserts a legal conclusion to which no response is required.  To the extent that it does not assert a legal conclusion, which is denied, and without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 1173 of the Complaint as they relate to Weeks Marine, except affirmatively asserts that Weeks Marine had no responsibility to enforce OSHA rules and regulations with respect to persons who were not Weeks Marine employees or in areas where those rules and regulations did not apply.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1173 of the Complaint as they relate to all other Contractor defendants, including the entities described as the "Four Prime General Contractors."

1174.    The document identified or referenced in Paragraph 1174 speaks for itself, and therefore no additional response is required.  The statement referenced in Paragraph 1174 of the

Complaint is unsupported by Plaintiffs' citations. Furthermore, Paragraph 1174 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, and without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 1174 of the Complaint as they relate to Weeks Marine, except affirmatively asserts that Weeks Marine had no responsibility to enforce OSHA rules and regulations with respect to persons who were not Weeks Marine employees or in areas where those rules and regulations did not apply. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1174 of the Complaint as they relate to all other Contractor defendants, including the entities described as the "Four Prime General Contractors."

1175.   The document identified or referenced in Paragraph 1175 speaks for itself, and therefore no additional response is required. Furthermore, Paragraph 1175 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, and without waiving the foregoing objection, Weeks Marine denies the allegations contained in Paragraph 1175 of the Complaint as they relate to Weeks Marine, except affirmatively asserts that Weeks Marine had no responsibility to enforce OSHA rules and regulations with respect to persons who were not Weeks Marine employees or in areas where those rules and regulations did not apply. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1175 of the Complaint as they relate to all other Contractor defendants.

1176.    The document identified or referenced in Paragraph 1176 speaks for itself, and therefore no additional response is required.  Furthermore, Paragraph 1176 of the Complaint asserts a legal conclusion to which no response is required.  To the extent that it does not assert a legal conclusion, which is denied, and without waiving the foregoing objection, Weeks Marine denies the allegations contained in Paragraph 1176 of the Complaint as they relate to Weeks Marine, except affirmatively asserts that Weeks Marine had no responsibility to enforce OSHA rules and regulations with respect to persons who were not Weeks Marine employees or in areas where those rules and regulations did not apply.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1176 of the Complaint as they relate to all other Contractor defendants.

1177.    The document identified or referenced in Paragraph 1177 speaks for itself, and therefore no additional response is required.  Furthermore, Paragraph 1177 of the Complaint asserts a legal conclusion to which no response is required.  To the extent that it does not assert a legal conclusion, which is denied, and without waiving the foregoing objection, Weeks Marine denies the allegations contained in Paragraph 1177 of the Complaint as they relate to Weeks Marine, except affirmatively asserts that Weeks Marine had no responsibility to enforce OSHA rules and regulations with respect to persons who were not Weeks Marine employees or in areas where those rules and regulations did not apply.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1177 of the Complaint as they relate to all other Contractor defendants.

1178.   The document identified or referenced in Paragraph 1178 speaks for itself, and therefore no additional response is required.  Furthermore, Paragraph 1178 of the Complaint asserts a legal conclusion to which no response is required.  To the extent that it does not assert a legal conclusion, which is denied, and without waiving the foregoing objection, Weeks Marine denies the allegations contained in Paragraph 1178 of the Complaint as they relate to Weeks Marine, except affirmatively asserts that Weeks Marine had no responsibility to enforce OSHA rules and regulations with respect to persons who were not Weeks Marine employees or in areas where those rules and regulations did not apply.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1178 of the Complaint as they relate to all other Contractor defendants.

1179.   The document identified or referenced in Paragraph 1179 speaks for itself, and therefore no additional response is required.  The statement referenced in Paragraph 1179 of the Complaint is unsupported by Plaintiffs' citations.  Furthermore, Paragraph 1179 of the Complaint asserts a legal conclusion to which no response is required.  To the extent that it does not assert a legal conclusion, which is denied, and without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 1179 of the Complaint as they relate to Weeks Marine, except affirmatively asserts that Weeks Marine had no responsibility to enforce OSHA rules and regulations with respect to persons who were not Weeks Marine employees or in areas where those rules and regulations did not apply.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1179 of the Complaint as they relate to all other Contractor defendants, including the entities described as the "Prime Contractors."

-12-

1180. The document identified or referenced in Paragraph 1180 speaks for itself, and therefore no additional response is required. The statement referenced in Paragraph 1180 of the Complaint is unsupported by Plaintiffs' citations. Furthermore, Paragraph 1180 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, and without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 1180 of the Complaint as they relate to Weeks Marine, except affirmatively asserts that Weeks Marine had no responsibility to enforce OSHA rules and regulations with respect to persons who were not Weeks Marine employees or in areas where those rules and regulations did not apply. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1180 of the Complaint as they relate to all other Contractor defendants.

1181. The documents identified or referenced in Paragraph 1181 speak for themselves, and therefore no additional response is required. The statement referenced in Paragraph 1181 of the Complaint is unsupported by Plaintiffs' citations with respect to Weeks Marine, as all citations reference transcripts of "Prime Contractor" personnel. Furthermore, Paragraph 1181 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, and without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 1181 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1181 of the Complaint as they relate to all other Contractor defendants.

1182. The documents identified or referenced in Paragraph 1182 speak for themselves, and therefore no additional response is required. The statement referenced in Paragraph 1182 of the Complaint is unsupported by Plaintiffs' first citation with respect to Weeks Marine. Furthermore, Paragraph 1182 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, and without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 1182 of the Complaint as they relate to Weeks Marine, except affirmatively asserts that Weeks Marine had no responsibility to enforce OSHA rules and regulations with respect to persons who were not Weeks Marine employees or in areas where those rules and regulations did not apply. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1182 of the Complaint as they relate to all other Contractor defendants, including the entities described as the "Prime Contractors."

1183. The document identified or referenced in Paragraph 1183 speaks for itself, and therefore no additional response is required. The statement referenced in Paragraph 1183 of the Complaint is unsupported by Plaintiffs' citations. Without waiving these objections, Weeks Marine denies the allegations contained in Paragraph 1183 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1183 of the Complaint as they relate to all other Contractor defendants.

1184. The document identified or referenced in Paragraph 1184 speaks for itself, and therefore no additional response is required. The statement referenced in Paragraph 1184 of the Complaint is unsupported by Plaintiffs' citation with respect to Weeks Marine. Furthermore,

Paragraph 1184 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, and without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 1184 of the Complaint as they relate to Weeks Marine, except affirmatively asserts that Weeks Marine had no responsibility to enforce OSHA rules and regulations with respect to persons who were not Weeks Marine employees or in areas where those rules and regulations did not apply. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1184 of the Complaint as they relate to all other Contractor defendants.

1185. The document identified or referenced in Paragraph 1185 speaks for itself, and therefore no additional response is required. The statement referenced in Paragraph 1185 of the Complaint is unsupported by Plaintiffs' citations. Without waiving these objections, Weeks Marine denies the allegations contained in Paragraph 1185 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1185 of the Complaint as they relate to all other Contractor defendants.

1186. The documents identified or referenced in Paragraph 1186 speak for themselves, and therefore no additional response is required. The statement referenced in Paragraph 1186 of the Complaint is unsupported by Plaintiffs' citation with respect to Weeks Marine, as all citations reference transcripts of Prime Contractor personnel. Furthermore, Paragraph 1186 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, and without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 1186 of the

Complaint as they relate to Weeks Marine, except affirmatively asserts that Weeks Marine had no responsibility to enforce OSHA rules and regulations with respect to persons who were not Weeks Marine employees or in areas where those rules and regulations did not apply. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1186 of the Complaint as they relate to all other Contractor defendants.

1187. The documents identified or referenced in Paragraph 1187 speak for themselves, and therefore no additional response is required. Without waiving the foregoing objection, Weeks Marine denies the allegations contained in Paragraph 1187 of the Complaint as they relate to Weeks Marine, and affirmatively asserts that FEMA had and exercised independent authority over which Weeks Marine had no control. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1187 of the Complaint as they relate to all other Contractor defendants.

1188. The documents identified or referenced in Paragraph 1188 speak for themselves, and therefore no additional response is required. Without waiving the foregoing objection, Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1188 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1188 of the Complaint as they relate to all other Contractor defendants.

1189. Weeks Marine denies the allegations contained in Paragraph 1189 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form

a belief as to the truth of the allegations contained in Paragraph 1189 of the Complaint as they relate to all other Contractor defendants.

1190.   The documents identified or referenced in Paragraph 1190 speak for themselves, and therefore no additional response is required.  Without waiving the foregoing objection, Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1190 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1190 of the Complaint as they relate to all other Contractor defendants.

1191.   The documents identified or referenced in Paragraph 1191 speak for themselves, and therefore no additional response is required.  Without waiving the foregoing objection, Weeks Marine denies the allegations contained in Paragraph 1191 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1191 of the Complaint as they relate to all other Contractor defendants.

1192.   The document identified or referenced in Paragraph 1192 speaks for itself, and therefore no additional response is required.  The statement referenced in Paragraph 1192 of the complaint is unsupported by Plaintiffs' citation.  Without waiving the foregoing objections, Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1192 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1192 of the Complaint as they relate to all other Contractor defendants.

1193.   Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1193 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1193 of the Complaint as they relate to all other Contractor defendants.

1194.   The documents identified or referenced in Paragraph 1194 speak for themselves, and therefore no additional response is required.  The statement referenced in Paragraph 1194 of the Complaint is unsupported by Plaintiffs' citation. Furthermore, Paragraph 1194 of the Complaint asserts a legal conclusion to which no response is required.  To the extent that it does not assert a legal conclusion, which is denied, and without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 1194 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1194 of the Complaint as they relate to all other Contractor defendants or as they relate to the referenced "other defendants."

1195.   The documents identified or referenced in Paragraph 1195 speak for themselves, and therefore no additional response is required.  Without waiving the foregoing objection, Weeks Marine denies the allegations contained in Paragraph 1195 of the Complaint as they relate to Weeks Marine, except affirmatively asserts that Weeks Marine had no responsibility to enforce OSHA rules and regulations with respect to persons who were not Weeks Marine employees or in areas where those rules and regulations did not apply.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 1195 of the Complaint as they relate to all other Contractor defendants.

1196. The documents identified or referenced in Paragraph 1196 speak for themselves, and therefore no additional response is required. The statement referenced in Paragraph 1196 of the Complaint is unsupported by Plaintiffs' citation. Without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 1196 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1196 of the Complaint as they relate to all other Contractor defendants.

1197. The documents identified or referenced in Paragraph 1197 speak for themselves, and therefore no additional response is required. The statement referenced in Paragraph 1197 of the Complaint is unsupported by Plaintiffs' citation. Without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 1197 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1197 of the Complaint as they relate to all other Contractor defendants.

1198. The documents identified or referenced in Paragraph 1198 speak for themselves, and therefore no additional response is required. The statement referenced in Paragraph 1198 of the Complaint is unsupported by Plaintiffs' citations. Without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 1198 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1198 of the Complaint as they relate to all other Contractor defendants.

1199. The documents identified or referenced in Paragraph 1199 speak for themselves, and therefore no additional response is required.  The statement referenced in Paragraph 1199 of the Complaint is unsupported by Plaintiffs' citations.  Without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 1199 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1199 of the Complaint as they relate to all other Contractor defendants.

1200. The documents identified or referenced in Paragraph 1200 speak for themselves, and therefore no additional response is required.  The statement referenced in Paragraph 1200 of the Complaint is unsupported by Plaintiffs' citations.  Furthermore, Paragraph 1200 of the Complaint asserts a legal conclusion to which no response is required.  To the extent that it does not assert a legal conclusion, which is denied, and without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 1200 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1200 of the Complaint as they relate to all other Contractor defendants.

1201. The documents identified or referenced in Paragraph 1201 speak for themselves, and therefore no additional response is required.  Without waiving the foregoing objection, Weeks Marine denies the allegations contained in Paragraph 1201 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1201 of the Complaint as they relate to all other Contractor defendants or as they relate to the City of New York.

1202. The documents identified or referenced in Paragraph 1202 speak for themselves, and therefore no additional response is required. Without waiving the foregoing objection, Weeks Marine denies the allegations contained in Paragraph 1202 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1202 of the Complaint as they relate to all other Contractor defendants.

1203. The documents identified or referenced in Paragraph 1203 speak for themselves, and therefore no additional response is required. The statement referenced in Paragraph 1203 of the Complaint is unsupported by Plaintiffs' citations with respect to Weeks Marine. Without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 1203 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1203 of the Complaint as they relate to all other Contractor defendants or as they relate to the City of New York.

1204. The documents identified or referenced in Paragraph 1204 speak  for themselves, and therefore no additional response is required. The statement referenced in Paragraph 1204 of the Complaint is unsupported by Plaintiffs' citations with respect to Weeks Marine. Without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 1204 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1204 of the Complaint as they relate to all other Contractor defendants or as they relate to the "Four Prime General Contractors."

1205.   The documents identified or referenced in Paragraph 1205 speak for themselves, and therefore no additional response is required. Without waiving the foregoing objection, Weeks Marine denies the allegations contained in Paragraph 1205 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1205 of the Complaint as they relate to all other Contractor defendants.

1206.   The document identified or referenced in Paragraph 1206 speaks for itself, and therefore no additional response is required. The statement referenced in Paragraph 1206 of the Complaint is unsupported by Plaintiffs' citations with respect to Weeks Marine. Without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 1206 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1206 of the Complaint as they relate to all other Contractor defendants.

1207.   The statement referenced in Paragraph 1207 of the Complaint is unsupported by Plaintiffs' citations with respect to Weeks Marine. Without waiving the foregoing objection, Weeks Marine denies the allegations contained in Paragraph 1207 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1207 of the Complaint as they relate to all other Contractor defendants or as they relate to the "Four Prime General Contractors."

1208.   The document identified or referenced in Paragraph 1208 speaks for itself, and therefore no additional response is required. Without waiving the foregoing objection, Weeks Marine

denies the allegations contained in Paragraph 1208 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1208 of the Complaint as they relate to all other Contractor defendants or as they relate to "all other defendants."

1209.   The document identified or referenced in Paragraph 1209 speaks for itself, and therefore no additional response is required. Furthermore, Paragraph 1209 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, and without waiving the foregoing objection, Weeks Marine denies the allegations contained in Paragraph 1209 of the Complaint as they relate to Weeks Marine, except affirmatively asserts that Weeks Marine had no responsibility to enforce OSHA rules and regulations with respect to persons who were not Weeks Marine employees or in areas where those rules and regulations did not apply. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1209 of the Complaint as they relate to all other Contractor defendants.

1210.   Weeks Marine denies the allegations contained in Paragraph 1210 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1210 of the Complaint as they relate to all other Contractor defendants.

1211.   The documents identified or referenced in Paragraph 1211 speak for themselves, and therefore no additional response is required. The statement referenced in Paragraph 1211 of the Complaint is unsupported by Plaintiffs' citations with respect to Weeks Marine. Without waiving the foregoing objections, Weeks Marine denies the allegations contained

in Paragraph 1211 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1211 of the Complaint as they relate to all other Contractor defendants.

1212.    Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1212 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1212 of the Complaint as they relate to all other Contractor defendants.

1213.    Weeks Marine denies the allegations contained in Paragraph 1213 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1213 of the Complaint as they relate to all other Contractor defendants.

1214.    The documents identified or referenced in Paragraph 1214 speak  for themselves, and therefore no additional response is required.  The statement referenced in Paragraph 1214 of the Complaint is unsupported by Plaintiffs' citations with respect to Weeks Marine.  Without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 1214 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1214 of the Complaint as they relate to all other Contractor defendants.

1215.    Paragraph 1215 of the Complaint asserts a legal conclusion to which no response is required.  To the extent that it does not assert a legal conclusion, which is denied, Weeks Marine

denies the allegations contained in Paragraph 1215 of the Complaint as they relate to Weeks Marine, except affirmatively asserts that Weeks Marine had no responsibility to enforce the New York State Labor Law, OSHA rules and regulations, and the New York State Industrial Code with respect to persons who were not Weeks Marine employees and/or in areas where those laws, rules and regulations did not apply. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1215 of the Complaint as they relate to all other Contractor defendants.

1216.   Paragraph 1216 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, Weeks Marine denies the allegations contained in Paragraph 1216 of the Complaint as they relate to Weeks Marine, except affirmatively asserts that Weeks Marine had no responsibility to enforce the New York State Industrial Code in areas where those laws, rules and regulations did not apply, and also affirmatively asserts that the DDC, along with other federal, state, and local authorities, directed and controlled the work and safety at the WTC site. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1216 of the Complaint as they relate to all other Contractor defendants.

1217.   Paragraph 1217 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, Weeks Marine denies the allegations contained in Paragraph 1217 of the Complaint as they relate to Weeks Marine, except affirmatively asserts that Weeks Marine had no responsibility to enforce the New York State Industrial Code in areas where those laws, rules and regulations did not apply. Weeks Marine denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 1217 of the Complaint as they relate to all other Contractor defendants.

1218.   Paragraph 1218 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, Weeks Marine denies the allegations contained in Paragraph 1218 of the Complaint as they relate to Weeks Marine, except affirmatively asserts that Weeks Marine had no responsibility to enforce the New York State Industrial Code in areas where those laws, rules and regulations did not apply.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1218 of the Complaint as they relate to all other Contractor defendants.

1219.   The document identified or referenced in Paragraph 1219 speaks for itself, and therefore no additional response is required.  The statement referenced in Paragraph 1219 of the Complaint is unsupported by Plaintiffs' citations.  Furthermore, Paragraph 1219 of the Complaint asserts a legal conclusion to which no response is required.  To the extent that it does not assert a legal conclusion, which is denied, and without waiving the foregoing objections, Weeks Marine denies the allegations contained in Paragraph 1219 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1219 of the Complaint as they relate to all other Contractor defendants.

1220.   Weeks Marine denies the allegations contained in Paragraph 1220 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1220 of the Complaint as they relate to all other Contractor defendants.

1221.   Paragraph 1221 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, Weeks Marine denies the allegations contained in Paragraph 1221 of the Complaint as they relate to Weeks Marine.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1221 of the Complaint as they relate to all other Contractor defendants, including the entities described as the "Four Prime General Contractors."

1222.   Paragraph 1222 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, Weeks Marine denies the allegations contained in Paragraph 1222 of the Complaint as they relate to Weeks Marine, except affirmatively asserts that Weeks Marine had no responsibility to enforce OSHA rules and regulations with respect to persons who were not Weeks Marine employees or in areas where those rules and regulations did not apply.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1222 of the Complaint as they relate to all other Contractor defendants, including the entities described as the "Four Prime General Contractors."

1223.   Paragraph 1223 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, Weeks Marine denies the allegations contained in Paragraph 1223 of the Complaint as they relate to Weeks Marine, except affirmatively asserts that Weeks Marine had no responsibility to enforce OSHA rules and regulations with respect to persons who were not Weeks Marine employees or in areas where those rules and regulations did not apply.  Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 1223 of the Complaint as they relate to all other Contractor defendants.

1224.   Paragraph 1224 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, Weeks Marine denies the allegations contained in Paragraph 1224 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1224 of the Complaint as they relate to all other Contractor defendants.

1225.   Paragraph 1225 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, Weeks Marine denies the allegations contained in Paragraph 1225 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1225 of the Complaint as they relate to all other Contractor defendants.

1226.   Paragraph 1226 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, Weeks Marine denies the allegations contained in Paragraph 1226 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1226 of the Complaint as they relate to all other Contractor defendants.

*       *       *       *       *

1239.   Weeks Marine denies the allegations contained in Paragraph 1239 of the Complaint as they relate to Weeks Marine, except affirmatively asserts that Weeks Marine assisted in the debris

removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City of New York and other authorities. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1239 of the Complaint as they relate to the City of New York, the DDC and all other Contractor defendants, including the entities described as the "Four Prime General Contractors."

1240. Weeks Marine denies the allegations contained in Paragraph 1240 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1240 of the Complaint as they relate to all other Contractor defendants.

1241. Weeks Marine denies the allegations contained in Paragraph 1241 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1241 of the Complaint as they relate to all other Contractor defendants, including the entities described as the "Four Prime General Contractors."

1242. Weeks Marine denies the allegations contained in Paragraph 1242 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1242 of the Complaint as they relate to all other Contractor defendants.

1243. Weeks Marine denies the allegations contained in Paragraph 1243 of the Complaint as they relate to Weeks Marine, except admits that it provided safety equipment and services to its employees during relevant times while Weeks Marine assisted in the debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location,

limited in area and scope, under the control and direction of the City of New York and other authorities, including, but not limited to, distributing respirators to Weeks Marine employees, disseminating information to Weeks Marine employees regarding air quality, advising Weeks Marine employees regarding safety equipment and practices, and conducting health and safety inspections in the restricted area in which Weeks Marine was operating. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1243 of the Complaint as they relate to all other Contractor defendants.

1244. Weeks Marine denies the allegations contained in Paragraph 1244 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1244 of the Complaint as they relate to all other Contractor defendants, including the entities described as the "Prime General Contractor defendants" and the "Four Prime General Contractor defendants."

1245. Paragraph 1245 of the Complaint asserts a legal conclusion to which no response is required. To the extent that it does not assert a legal conclusion, which is denied, Weeks Marine denies the allegations contained in Paragraph 1245 of the Complaint as they relate to Weeks Marine. Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1245 of the Complaint as they relate to all other Contractor defendants.

## ANSWER TO SHORT FORM COMPLAINT

Defendant Weeks Marine, indicated by Plaintiff(s) in "Section I.B." of the Short Form Complaint, by its attorneys, Betancourt Van Hemmen, Greco & Kenyon LLC, answer the Short Form Complaint herein upon information and belief as follows:

# I.  PARTIES

## A.    Plaintiff(s)

1.    Defendant Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of allegations "1" through "6" of Section "I.A." of the Short Form Complaint.

## B.    Defendant(s)

2.    Defendant Weeks Marine admits that what purports to be a list of all Defendant(s) named in the Master Complaint is in fact such a list.  Defendant Weeks Marine denies that the allegations contained in the Master Complaint are properly directed to Defendant Weeks Marine indicated by Plaintiff(s) in Section "I.B." of the Short Form Complaint.

# II.  JURISDICTION

3.    Defendant Weeks Marine admits that jurisdiction is proper under the Air Transportation Safety and System Stabilization Act of 2001 as alleged in "Section II," but denies that this is the only basis for federal jurisdiction.

# III.  CAUSES OF ACTION

4.    Defendant Weeks Marine admits that Plaintiff(s) is/are pursuing allegations based on the indicated causes of action in Section "III" of the Short Form Complaint.  Defendant Weeks Marine denies these allegations.

# IV.  CAUSATION, INJURY AND DAMAGES

5.    Defendant Weeks Marine denies the allegations contained in Section "IV" of the Short Form Complaint.

### V.  AFFIRMATIVE DEFENSES

6.     Defendant Weeks Marine hereby adopts all affirmative defenses asserted in the Master

Answer as if set forth in full herein and also asserts the following Supplemental Affirmative

Defenses:

7.     Plaintiff(s) is not a seaman under the Jones Act, 46 U.S.C. §30104 et seq.

8.     Plaintiff(s) was not employed by Weeks Marine and otherwise had no employment

connection to any vessel owned and/or operated by Weeks Marine.

9.     Plaintiff(s) negligently breached his primary duties with respect to the events giving rise to

this lawsuit causing his alleged injuries.

10.    Defendant Weeks Marine's liability, if any, is limited pursuant to the provisions of the

Limitation of Shipowner's Liability Act, 46 U.S.C. §181 et seq.

11.    Service of process of the Amended Master Complaint Against Contractor Defendants, and

of the Summons and Check-Off ("Short Form") Complaint Related To The Master

Complaint on defendant Weeks Marine was insufficient.

12.    This Court lacks jurisdiction over Weeks Marine by reason of insufficiency of process and

Weeks Marine reserves the right to move at or before trial for dismissal of the Amended

Master Complaint Against Contractor Defendants on the grounds of lack of  jurisdiction

because of insufficiency of process and/or service.

### JONES ACT "RIDER"

13.    The allegations contained in the first unnumbered Paragraph of the "RIDER" to the Short

Form Complaint concerning jurisdiction are conclusions of law properly resolvable by the

Court.  To the extent they are not conclusions of law, they are denied.

14.   Weeks Marine denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second, third and fourth unnumbered Paragraphs of the "RIDER" to the Short Form Complaint concerning "barges," except admits that Weeks Marine owned and/or operated certain barges at certain times.

15.   Weeks Marine denies the allegations contained in the fifth, sixth and seventh unnumbered Paragraphs of the "Rider" to the Short Form Complaint.

**WHEREFORE**, defendant Weeks Marine demands judgment dismissing the Master Complaint and the Short Form Complaint as against it, together with costs, including attorneys' fees, and for such other, further and different relief as the Court may deem just and proper.

Dated:   New York, New York
            February 13, 2008

                                      BETANCOURT, VAN HEMMEN, GRECO & KENYON LLC
                                      Attorneys for Defendant WEEKS MARINE, INC.

                          By    /S/ Ronald Betancourt
                                      Ronald Betancourt (RB 5838)
                                      46 Trinity Place
                                      New York, New York 10006
                                      (212) 297-0050

To:   WORBY GRONER EDELMAN & NAPOLI BERN, LLP
Paul J. Napoli, Esq.
Attorneys for Plaintiffs and
Plaintiffs' Liaison Counsel
115 Broadway, 12th Floor
New York, New York 10006
(212) 267-3700

SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO, P.C.
Andrew J. Carboy, Esq.
Plaintiffs' Liaison Counsel
120 Broadway, 18th Floor
New York, New York 10271
(212) 732-9000

PATTON BOGGS, LLP
James E. Tyrrell, Jr., Esq.
Joseph E. Hopkins, Esq.
Defendants' Liaison Counsel
The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
(937) 848-5600

FLEMMING ZULACK WILLIAMSON & ZAUDERER, LLP
Richard A. Williamson, Esq.
Defendants' Liaison Counsel
One Liberty Plaza
New York, New York 10006-1404
(212) 412-9500

SCHIFF HARDIN, LLP
Beth D. Jacob, Esq.
Defendants' Liaison Counsel
900 Third Avenue
New York, New York 10022
(212) 753-5000

# RIDER

CLARENCE LEE,

PLAINTIFFS,

- AGAINST -

A RUSSO WRECKING, INC.; ABM INDUSTRIES, INC.; ABM JANITORIAL NORTHEAST, INC.; AMEC CONSTRUCTION MANAGEMENT, INC.; AMEC EARTH & ENVORONMENTAL, INC.; ANTHONY CORTESE SPECIALIZED HAULING LLC.; ATLANTIC HEYDT CORP.; BECHTEL ASSOCIATES PROFESSIONAL CORPORATION; BECHTEL CONSTRUCTION, INC.; BECHTEL CORPORATION; BECHTEL ENVIRONMENTAL, INC.; BERKEL & COMPANY, CONTRACTORS, INC.; BIG APPLE WRECKING & CONSTRUCTION CORP; BOVIS LEND LEASE LMB, INC.; BREEZE CARTING CORP.; BREEZE NATIONAL INC.; BRER-FOUR TRANSPORTATION CORP.; BURO HAPPOLD CONSULTING ENGINEERS, P.C.; C.B. CONTRACTING CORP; CANRON CONSTRUCTION CORP.; CORD CONTRACTING CO., INC.; DAKOTA DEMO-TECH ; DIAMOND POINT EXCAVATING CORP ; DIEGO CONSTRUCTION, INC.; DIVERSIFIED CARTING, INC.; DMT ENTERPRISE, INC. D'ONOFRIO GENERAL CONTRACTORS CORP.; EAGLE LEASING & INDUSTRIAL SUPPLY, INC.; EAGLE ONE ROOFING CONTRACTORS INC; EJ DAVIES, INC.; EN-TECH CORP.; EVANS ENVIRONMENTAL; EVERGREEN RECYCLING OF CORONA(EROC); EWELL W. FINLEY, P.C.; EXECUTIVE MEDICAL SERVICES, P.C.; FLEET TRUCKING, INC.; FRANCIS A. LEE EXTERIOR RESTORATION, INC.; FTI TRUCKING, INC.; GILSANZ, MURRAY, & STEFICEK, LLP, GOLDSTEIN ASSOCIATES CONSULTING ENGINEERS, PLLC.; HALLEN WELDING SERVICE, INC.; H.P. ENVIRONMENTAL; KOCH SKANSKA INC; LAQUILA CONSTRUCTION INC.; LASTRADA GENERAL CONTRACTING CORP.; LESLIE E. ROBERTSON ASSOCIATES CONSULTING ENGINEERS P.C.; LIBERTY MUTUAL GROUP; LOCKWOOD, KESSLER & BARTLETT, INC.; LUCIUS PITKIN, INC.; LZA TECH-DIV OF THORTON TOMASETTI; MANAFORT BROTHERS INCORPORATED; MAZZOCCHI WRECKING, INC.; HUDSON MERIDIAN CONSTRUCTION GROUP, LLC F/K/A MERIDIAN CONSTRUCTION CORP.; MORETRENCH AMERICAN CORP.; MRA ENGINEERING, PC; MUESER RUTLEDGE CONSULTING ENGINEERS, INC; NACIREMA INDUSTRIES INCORPORATED; NEW YORK CRANE & EQUIPMENT CORP.; NICHOLSON CONSTRUCTION COMPANY; PETER SCALAMANDRE & SONS, INC.; PHILLIPS AND JORDAN, INC.; PINNACLE ENVIRONMENTAL CORP.;PLAZA CONSTRUCTION CORP.;  PRO SAFETY SERVICES LLC.; PT & L CONTRACTING CORP.; ROBER SILMAN ASSOCIATES; ROBERT L. GEROSA, INC.; RODAR ENTERPRISES, INC.; ROYAL GM, INC; SAB TRUCKING INC.; SAFEWAY ENVIRONMENTAL CORP.; SEASONS INDUSTRIAL CONTRACTING; SEMCOR EQUIPMENT & MANUFACTURING CORP.; SILVERITE CONTRACTING CORPORATION; SIMPSON GUMPERTZ & HEGER INC.; SKIDMORE, OWING & MERRILL LLP; SURVIVAIR; TAYLOR RECYCLING FACILITY LLC; TISHMAN CONSTRUCTION CORPORATION OF MANHATTAN; TISHMAN CONSTRUCTION CORPORATION OF NEW YORK; TISHMAN INTERIORS CORPORATION; TISHMAN SPEYER PROPERTIES; THORTON-TOMASETTI GROUP, INC.; TORRETTA TRUCKING, INC.; TOTAL SAFETY CONSULTING, L.L.C.; TUCCI EQUIPMENT RENTAL CORP.; TULLY CONSTRUCTION CO., INC.; TURNER CONSTRUCTION COMPANY; ULTIMATE DEMOLITION/CS HAULING (JOINT VENTURE); VERIZON NEW YORK INC; VOLLMER ASSOCIATES LLP.; WEEKS MARINE, INC.; WEIDLINGER ASSOCIATES, CONSULTING ENGINEERS, P.C.; WHITNEY CONTRACTING INC.; WOLKOW-BRAKER ROOFING CORP.; WORLD TRADE CENTER PROPERTIES LLC.; WSP CANTOR SEINUK; YANNUZZI & SONS, INC; YONKERS CONTRACTING COMPANY, INC.; YORK HUNTER CONSTRUCTION, LLC; ZIEGENFUSS DRILLING, INC.,

DEFENDANTS.

X

